Ronald **CASSADY** and Joseph Elbert Clements, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 24563.

United States Court of Appeals Fifth Circuit.

May 9, 1968.

Barry Hess, Mobile, Ala., for appellants.

Don Conway, Asst. U. S. Atty., Mobile, Ala., Vernol R. Jansen, Jr., U. S. Atty., for appellee.

Before BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

PER CURIAM:

Appellants, convicted on a jury verdict of knowingly transporting a stolen vehicle in interstate commerce in violation of the Dyer Act, seek reversal of their convictions on various grounds, only two of which deserve comment. It is urged that the District Court committed error in admitting a photostatic copy of a portion of the rental contract by which appellants obtained possession of the vehicle, and in admitting certain credit cards and evidence of their use by appellants during the interstate transportation of the vehicle. We affirm.

█ The copy of the car rental contract was improperly admitted into evidence since there was no testimony to establish that the copy was made in the ordinary course of business. 28 U.S.C.A. § 1732. However, in view of the substantial and uncontradicted evidence, aside from the contract, that the automobile was fraudulently procured and transported by appellants from Nevada to Alabama, we are convinced that admission of the contract was harmless error not requiring reversal of the conviction. Rule 52(a), Fed.R.Crim.P.

█ The receipt into evidence of credit cards bearing the name of one James Matush (the name assumed by Cassady when renting the car and on the interstate journey) and of testimony concerning their use was proper as part of the *res gestae*. Shelton v. United States, 5 Cir. 1953, 205 F.2d 806; Logan v. United States, 5 Cir. 1951, 192 F.2d 388.

Affirmed.